**THIS OPINION IS A PRECEDENT OF THE T.T.A.B.**

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: June 6, 2007

CONSOLIDATED:

Opposition No. 91161028

FINANZ ST. HONORE, B.V.

v.

JOHNSON & JOHNSON

- - - - - - - - - - -

Cancellation No. 92044444

JOHNSON & JOHNSON

v.

FINANZ ST. HONORE, B.V.

Before Walters, Zervas, and Wellington,
Administrative Trademark Judges.

Opinion by Wellington, Administrative Trademark Judge:

On March 29, 2006, the Board granted applicant Johnson & Johnson's ("Johnson") motion for leave to file an amended answer with a counterclaim in the consolidated opposition proceeding. By way of the counterclaim, Johnson seeks to cancel two of opposer Finanz St. Honore, B.V.'s ("Finanz") pleaded registrations (Registration Nos. 1199240 and 1746723, both for the same mark, LOVE'S BABY SOFT, and both over five

years old).[1]  As grounds for the counterclaim, Johnson asserts
that both registrations were fraudulently procured and were
obtained without disclaimers of generic terms in the marks.
In addition, Johnson asserts that Registration No. 1746723 was
"fraudulently renewed due to false statements of fact" and the
mark therein has been abandoned, in part, as to certain goods
identified in the registration.

On April 21, 2006, Finanz filed a motion to dismiss
applicant's counterclaim for lack of standing, under Fed. R.
Civ. P. 12(b)(1), and to strike one of the grounds in the
counterclaim because said ground is time-barred under
Section 14 of the Trademark Act.

We turn first to the issue of Johnson's standing to
bring the counterclaim.

In order to properly plead its grounds for cancellation
in the counterclaim and avoid dismissal thereof at this
stage of the proceeding, Johnson need only allege facts in
its pleading which, if proved, would establish there is a
valid ground for seeking to cancel the registrations.  See

---

[1]  Registration No. 1199240 issued on June 29, 1982 and covers
"cologne."  Registration No. 1746723 issued on May 26, 1992 and
covers "cologne spray, light cologne splash, body mist, cologne
mist, skin moisturizing lotion, body wash, body powder, personal
deodorant, perfume, all over body spray, and gift sets containing
two or more of these products."
  Johnson & Johnson, as petitioner in the consolidated
Cancellation No. 92044444, also seeks to cancel a third
registration owned by Finanz St. Honore B.V., namely,
Registration No. 854850 for the mark BABY SOFT on "hair
preparations, namely, shampoo."

*Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185 (CCPA 1982). As a counterclaim plaintiff, Johnson need not allege its standing to challenge the pleaded registrations because its standing is inherent. *Carefirst of Maryland, Inc. v. FirstHealth of the Carolinas Inc.*, 77 USPQ2d 1492 (TTAB 2005) ("Applicant, by virtue of its position as defendant in the opposition, has standing to seek cancellation of the pleaded registrations," citing *Ohio State University v. Ohio University*, 51 USPQ2d 1289, 1293 (TTAB 1999)); *Bankamerica Corp. v. Invest America*, 5 USPQ2d 1076, 1078 (TTAB 1987) (defendant seeking to cancel pleaded registration on ground of descriptiveness or genericness in an opposition based on likelihood of confusion need not allege that it has an interest in using the term sought to be cancelled); *M. Aron Corporation v. Remington Products, Inc.*, 222 USPQ 93, 95 (TTAB 1984) (counterclaimant clearly has personal stake in the controversy); *Marcal Paper Mills, Inc. v. American Can Co.*, 212 USPQ 852, 856 (TTAB 1981) (damage assumed, and with properly pleaded ground is sufficient to place validity of registration in issue); and *General Mills, Inc. v. Natures Way Products*, 202 USPQ 840, 841 (TTAB 1979); see also TBMP § 313.03 (2d ed. rev. 2004).

In view thereof, Finanz's arguments regarding Johnson's lack of standing to bring the counterclaim are not well taken. Accordingly, to the extent that Finanz seeks to

dismiss the counterclaim for lack of standing under Fed. R. Civ. P. 12(b)(1), the motion to dismiss is denied.

We now turn to Finanz's motion to strike one of the grounds in the counterclaim on the basis that said ground is time-barred. Specifically, in its motion, Finanz notes that Registration Nos. 1199240 and 1746723 are over five years old and argues that Count II of applicant's counterclaim is time-barred under Section 14 of the Lanham Act.

Count II of the counterclaim, captioned "[Finanz's] Registrations Improperly Issued Without Disclaimers of 'Baby Soft'," contains the following paragraphs:

20. Johnson & Johnson repeats and realleges paragraph 13 as if fully set forth herein.[2]
21. The term "baby soft" is generic for Finanz's Goods.
22. Finanz's Registrations issued improperly without disclaimers of the term "baby soft."

Essentially, Johnson seeks to cancel the registrations based on the absence of a disclaimer of an alleged generic term, "Baby Soft."

Thus, the issue presented by way of the motion is whether a registration, more than five years old, may be cancelled in the absence of a disclaimer of a purportedly

---

[2] Paragraph 13 reads:
   Finanz alleges ownership of Finanz's Registrations and has asserted them against registration of Johnson & Johnson's application for registration Ser. No. 78164712 for KISSABLY BABY SOFT for "hair shampoo, skin lotions and body wash" ("Johnson & Johnson's Goods").

4

Opposition No. 91161028
Cancellation No. 92044444

generic portion of the mark.  This appears to be a case of first impression for the Board on this issue.

Section 14 of the Trademark Act provides that after five years from the date of the registration of a mark, a petition (or counterclaim) to cancel said registration may be filed only on grounds specified in subsections 14(3) and 14(5).[3]  Specifically, Section 14(3) provides that a registration may be cancelled:

> At any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered, or is functional or has been abandoned, or its registration was obtained fraudulently or contrary to the provisions of section 4 or of subsection (a), (b), or (c) of section 2 for a registration under this Act, or contrary to similar prohibitory provisions of such prior Acts for a registration under such Acts, or if the registered mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services on or in connection with which the mark is used.  If the registered mark becomes the generic name for less than all of the goods or services for which it is registered, a petition to cancel the registration for only those goods or services may be filed.  A registered mark shall not be deemed to be the generic name of goods or services solely because such mark is also used as a name of or to identify a unique product or service.  The primary significance of the registered mark to the relevant public rather than purchaser motivation shall be the test for determining whether the registered mark has become the generic name of goods or services on or in connection with which it has been used.[4]

[Emphasis added.]

---

[3] Subsection 14(5) involves certification marks and thus is not relevant herein.
[4]  The grounds for cancellation under Sections 2 and 4, incorporated by reference in Section 14(3), do not involve genericness and thus are not relevant herein.

5

Although Count II of the counterclaim sets forth a claim based on an allegation that a *portion* of the mark is generic, Section 14(3) only provides for a claim where the allegation is that the mark, *as a whole,* is generic. Because Count II of Johnson's counterclaim is not one of the enumerated possible grounds for cancellation for registrations that are over five years old, it is time-barred under Section 14 of the Act, 15 U.S.C. § 1064; see also TBMP § 307 (2d ed. rev. 2004) and authorities cited therein. Accordingly, Finanz's motion to strike this claim is granted and paragraphs 20-22 of the counterclaim are hereby stricken.[5]

Finanz is allowed until **THIRTY DAYS** from the mailing date of this order to file an answer to the remainder of the counterclaim.

Notice of Default in Cancellation No. 92044444

On March 29, 2006, the Board allowed Finanz, as respondent in the cancellation, time to file an answer to the petition to cancel. Inasmuch as it appears that no answer has been filed, nor has Finanz filed a motion to extend its time to answer, notice of default is hereby entered against Finanz under Fed. R. Civ. P. 55(a).

---

[5] Our decision to strike the counterclaim does not affect respondent's ability to argue that a portion of petitioner's mark is generic and that this portion should be accorded less weight in the likelihood of confusion determination.

Finanz is allowed until **THIRTY DAYS** from the mailing date of this order to show cause why judgment by default should not be entered against it in the consolidated cancellation proceeding in accordance with Fed. R. Civ. P. 55(b).

Proceedings Otherwise Remain Suspended

Except as permitted above, proceedings herein remain suspended. Upon resolution of the default issue, the Board will issue a resumption order and, as appropriate, reschedule the discovery deadline and trial dates.

*  *  *